1
2
3
4
5
6
## UNITED STATES DISTRICT COURT
7
## SOUTHERN DISTRICT OF CALIFORNIA
8

9  CORVETTE B. ROBINSON    Civil No.    13-cv-0091 H (KSC)
   CDCR #J-81217
10
                                        **ORDER:**
11                    Plaintiff,
                                        **(1) GRANTING PLAINTIFF'S**
12                                      **MOTION TO PROCEED *IN***
                                        ***FORMA PAUPERIS*, IMPOSING**
13         vs.                          **NO INITIAL PARTIAL FILING**
                                        **FEE, GARNISHING $350.00**
14                                      **BALANCE FROM PRISONER'S**
   M. L. HARRIS,                        **TRUST ACCOUNT; AND**
15
                                        **(2)  DISMISSING COMPLAINT**
16                                      **FOR FAILURE TO STATE A**
                                        **CLAIM PURSUANT TO  28**
17                    Defendant.        **U.S.C. §§ 1915(e)(2) AND 1915A(b)**

18

19        Corvette B. Robinson ("Plaintiff"), a state inmate currently incarcerated at the

20  Richard J. Donovan Correctional Facility located in San Diego, California, and

21  proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983.  Plaintiff

22  has also filed a certified copy of his inmate trust account statement which the Court

23  liberally construes as Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

24  to 28 U.S.C. § 1915(a).

25                          **I.  Motion to Proceed IFP**

26        All parties instituting any civil action, suit or proceeding in a district court of the

27  United States, except an application for writ of habeas corpus, must pay a filing fee of

28  $350.  See 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

                                         1
                                                              13cv0091 H (KSC)

1   prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28

2   U.S.C. § 1915(a).  See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

3   Prisoners granted leave to proceed IFP remain obligated to pay the entire fee in

4   installments, regardless of whether their action is ultimately dismissed.  See 28 U.S.C.

5   § 1915(b)(1) & (2); Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002).

6          Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

7   ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the

8   trust fund account statement (or institutional equivalent) for the prisoner for the six-

9   month period immediately preceding the filing of the complaint."  28 U.S.C. §

10  1915(a)(2); Andrews v. King, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified

11  trust account statement, the Court must assess an initial payment of 20% of (a) the

12  average monthly deposits in the account for the past six months, or (b) the average

13  monthly balance in the account for the past six months, whichever is greater, unless the

14  prisoner has no assets.  See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The

15  institution having custody of the prisoner must collect subsequent payments, assessed at

16  20% of the preceding month's income, in any month in which the prisoner's account

17  exceeds $10, and forward those payments to the Court until the entire filing fee is paid.

18  See 28 U.S.C. § 1915(b)(2).

19         The Court finds that Plaintiff has no available funds from which to pay filing fees

20  at this time.  See 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner

21  be prohibited from bringing a civil action or appealing a civil action or criminal judgment

22  for the reason that the prisoner has no assets and no means by which to pay the initial

23  partial filing fee."); Taylor, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as

24  a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure

25  to pay . . . due to the lack of funds available to him when payment is ordered.").

26  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial

27  partial filing fee per 28 U.S.C. § 1915(b)(1).  The entire $350 balance of the filing fees

28  mandated shall be collected and forwarded to the Clerk of the Court pursuant to the

1  installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

2  **II.  Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

3  Notwithstanding IFP status or the payment of any partial filing fees, the Court must

4  subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory

5  screening and order the sua sponte dismissal of any case it finds "frivolous, malicious,

6  failing to state a claim upon which relief may be granted, or seeking monetary relief from

7  a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254

8  F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not

9  limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

10  (noting that 28 U.S.C. §  1915(e) "not only permits but requires" the court to sua sponte

11  dismiss an *in forma pauperis* complaint that fails to state a claim).

12  Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua

13  sponte dismissal of only frivolous and malicious claims.  Lopez, 203 F.3d at 1130.  As

14  amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed

15  pursuant to the IFP provisions of section 1915 make and rule on its own motion to

16  dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of

17  Civil Procedure 4(c)(3). See Calhoun, 254 F.3d at 845; Lopez, 203 F.3d at 1127; see also

18  McGore v. Wrigglesworth, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte

19  screening pursuant to § 1915 should occur "before service of process is made on the

20  opposing parties").

21  To survive a motion to dismiss, a complaint "must contain sufficient factual matter,

22  accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,

23  556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

24  (2007)); Barren, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of

25  Federal Rule of Civil Procedure 12(b)(6)").  "A claim has facial plausibility when the

26  plaintiff pleads factual content that allows the court to draw the reasonable inference that

27  the defendant is liable for the misconduct alleged." Id.  "Threadbare recitals of the

28  elements of a cause of action, supported by mere conclusory statements, do not suffice."

Iqbal, 556 U.S. at 678.  District courts have a duty to liberally construe a pro se's pleadings, see Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases."  Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled."  Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff alleges that Defendant Harris was the correctional officer assigned to the food serving line on November 22, 2011.  (See Compl. at 3.)  On that day, Plaintiff alleges that Defendant Harris accused him of trying to get a second meal and cursed at Plaintiff.  (Id.)  Plaintiff alleges that Defendant Harris then grabbed a handful of "hot potato tots" and "threw them through the food service window and hit [Plaintiff] in the face and eyes with this 'hot food substance.'"  (Id.)  Plaintiff alleges that he suffered facial burns and an eye injury.  (Id.)

Any physical application of force against a person in custody, whether it be through brute strength, chemical or other weaponry, or mechanical restraint, may not be excessive.  See Whitley v. Albers, 475 U.S. 312 (1986) (prison shooting); Hudson v. McMillian, 503 U.S. 1 (1992) (prison beating); LeMaire v. Maass, 12 F.3d 1444, 1450-53, 1457, 1460 (9th Cir. 1993) (prison's use of in-shower and in-cell leg and waist restraints).  "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action."  Hudson, 503 U.S. at 10 (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").  In order to violate the Eighth Amendment, the Defendant must use force which is "unnecessary" and "wanton."  Whitley, 475 U.S. at 319.  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or

13cv0091 H (KSC)

1  restoring official control over a tumultuous cellblock." Id.

2  Thus, a constitutional violation can only be established if force was used

3  "maliciously and sadistically for the purpose of causing harm." Id.; see also Wilson v.

4  Seiter, 501 U.S. 294, 298 (1991) (claims that an official has inflicted cruel and unusual

5  punishment contain both an objective component as well as a subjective "inquiry into the

6  prison official's state of mind"). The Supreme Court has also clearly stated that the

7  Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes

8  from constitutional recognition *de minimis* uses of physical force, provided that the use

9  of force is not the sort "repugnant to the conscience of mankind." *Hudson,* 503 U.S. at

10  10. A use of force is *de minimis* if it results in no discernible injury. See Wilkins v.

11  Gaddy, 559 U.S. 34, 130 S. Ct. 1175, 1178 (2010).

12  Here, Plaintiff's claims fail to rise to the level of an Eighth Amendment violation.

13  Plaintiff's allegations are insufficient to show that Defendant's alleged use of force was

14  used "maliciously and sadistically for the purpose of causing harm." Whitley, 475 U.S.

15  at 319. Further, Plaintiff's vague allegations of facial burns and eye injuries caused by

16  "hot potato tots" are insufficient to support a reasonable inference that Plaintiff suffered

17  a discernible injury, Iqbal, 556 U.S. at 678, nor is throwing a handful of food "repugnant

18  to the conscience of mankind." Hudson, 530 U.S. at 10. Accordingly, Plaintiff's

19  Complaint must be dismissed for failing to state a claim upon which relief may be

20  granted.

### III. Conclusion and Order

22  Good cause appearing, **IT IS HEREBY ORDERED** that:

23  1.  Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) is

24  **GRANTED**.

25  2.  The Secretary of California Department of Corrections and Rehabilitation,

26  or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the

27  filing fee owed in this case by collecting monthly payments from the account in an

28  amount equal to twenty percent (20%) of the preceding month's income and forward

1  payments to the Clerk of the Court each time the amount in the account exceeds $10 in

2  accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY

3  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

4          3.      The Clerk of the Court is directed to serve a copy of this Order on Jeffrey

5  A. Beard, Ph.D., Secretary, California Department of Corrections and Rehabilitation,

6  1515 S Street, Suite 502, Sacramento, California 95814.

7          **IT IS FURTHER ORDERED** that:

8          4.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28

9  U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  The Court **GRANTS** Plaintiff forty five (45)

10  days leave from the date this Order is "Filed" in which to file a First Amended Complaint

11  which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint

12  must be complete in itself without reference to the superseded pleading.  See S.D. Cal.

13  Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended

14  Complaint will be deemed to have been waived.  See King v. Atiyeh, 814 F.2d 565, 567

15  (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon

16  which relief may be granted, it may be dismissed without further leave to amend and

17  may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  See McHenry v.

18  Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

19

20          **IT IS SO ORDERED.**

    DATED:      February 25, 2013

21

22                                                  **HON. MARILYN L. HUFF**
                                                    United States District Judge

23

24

25

26

27

28