# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORVETTE B. ROBINSON<br>CDCR #J-81217<br><br>                     Plaintiff,<br><br>vs.<br><br>M. L. HARRIS,<br>                     Defendant. | Civil No.   13-cv-0091-H (KSC)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

On January 11, 2013, Corvette B. Robinson ("Plaintiff"), a state inmate currently incarcerated at the Richard J. Donovan Correctional Facility located in San Diego, California, and proceeding pro se, submitted a civil action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff also filed a certified copy of his inmate trust account statement which the Court liberally construed as Plaintiff's Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). (Doc. No. 3.) On February 25, 2013, the Court granted Plaintiff's Motion to Proceed IFP and simultaneously dismissed his complaint for failing to state a claim upon which relief could be granted. (Doc. No. 5 at 6-7.) On April 8, 2013, Plaintiff filed his first amended complaint. (Doc. No. 8.)

On July 19, 2013 the Court dismissed Plaintiff's FAC for failing to state a claim upon which relief could be granted, and granted Plaintiff leave to file a second amended complaint. (Doc. No. 9.) On August 22, 2013, Plaintiff filed his second amended complaint along with documentation of his medical treatment. (Doc. No.

11.) On September 16, 2013, the Court dismissed Plaintiff's SAC without prejudice. (Doc. No. 14.)

On November 26, 2013, Plaintiff filed his third amended complaint ("TAC"). (Doc. No. 18, ("TAC").) The Court dismisses Plaintiff's TAC.

## Discussion

### I. Legal Standard for Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. Lopez, 203 F.3d at 1130. As amended, 28 U.S.C. § 1915(e)(2) mandates that the court, reviewing an action filed pursuant to the IFP provisions of section 1915, make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). See Calhoun, 254 F.3d at 845; Lopez, 203 F.3d at 1127.

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that section 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). District courts have a duty to liberally construe a pro se's pleadings, Karim-Panahi v. Los Angeles

1  Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988), that is "particularly important in civil
2  rights cases." Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal
3  interpretation to a pro se civil rights complaint, however, the court may not "supply
4  essential elements of claims that were not initially pled." Ivey v. Bd. of Regents of the
5  Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

## II. Plaintiff's Excessive Force Claim

Plaintiff's TAC alleges that Defendant Harris was the correctional officer assigned to the food serving line on November 22, 2011. (See TAC at 3.) On that day, Plaintiff alleges that Defendant Harris accused him of trying to get a second meal and cursed at Plaintiff. (Id.) Plaintiff alleges that Defendant Harris then grabbed a handful of "hot potato tots" and threw them at Plaintiff's face. (Id. at 4.) Plaintiff alleges that he suffered facial burns and an eye injury. (Id.)

Not every malevolent touch by a prison guard gives rise to a federal cause of action. Hudson v. McMillian, 503 U.S. 1, 10 (1992) (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). In order to violate the Eighth Amendment, the Defendant must use force which is "unnecessary" and "wanton." Whitley v. Albers, 475 U.S. 312, 319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, [or] supplying medical needs . . . ." Id.

A constitutional violation can only be established if force was used "maliciously and sadistically for the purpose of causing harm." Id.; see also Wilson v. Seiter, 501 U.S. 294, 298 (1991) (claims that an official has inflicted cruel and unusual punishment contain both an objective component as well as a subjective "inquiry into the prison official's state of mind"). The Eighth Amendment's prohibition of cruel and unusual punishment does not encompass de minimis uses of physical force, provided that the use

of force is not the sort "repugnant to the conscience of mankind." Hudson, 503 U.S. at 10.

Plaintiff's TAC includes a slightly more detailed description of Plaintiff's allegations, but includes no significant new allegations about Defendant's conduct or Plaintiff's injuries. (Compare TAC with Doc. Nos. 8; 11.) The Court has previously held that Defendant throwing a handful of food was a de minimis application of force, and that Plaintiff failed to allege that Defendant's throwing of food was done "maliciously or sadistically for the purpose of causing harm." (Doc. No. 9 at 4; Doc. No. 14 at 4.) Nothing in Plaintiff's TAC gives grounds for the Court to reconsider its prior rulings. The Court dismisses Plaintiff's Eighth Amendment excessive force claim for failing to state a claim upon which relief could be granted.

### III. Plaintiff's Deliberate Indifference to Serious Medical Need Claim

Plaintiff once again claims that Defendant denied him breakfast on one occasion which interfered with this treatment for diabetes. (See TAC at 4.) Where an inmate's claim is one of inadequate medical care, the inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, an inmate satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

In general, deliberate indifference may be shown when prison officials deny,

delay, or intentionally interfere with a prescribed course of medical treatment, or it may be shown by the way in which prison medical officials provide necessary care. <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a inmate's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." <u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at 105-06); <u>see also</u> <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060 (9th Cir. 2004).

Plaintiff's TAC makes no assertion that Plaintiff suffered injury as a result of missing his meal. In its previous orders, the Court held that Plaintiff failed to properly allege a deliberate indifference claim because he failed to demonstrate an injury and failed to demonstrate Defendant Harris knew of his diabetic condition. (Doc. No. 9 at 5; Doc. No. 14 at 5.) Although Plaintiff has submitted documentation to establish that he receives treatment for diabetes, (<u>e.g.</u>, TAC Ex. B), Plaintiff's TAC fails to demonstrate that Plaintiff suffered an injury due to missing his breakfast meal. The Court dismisses Plaintiff's Eighth Amendment inadequate medical care claim for failing to state a claim upon which relief could be granted.

## Conclusion

The Court dismisses Plaintiff's third amended complaint. 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).

**IT IS SO ORDERED.**

DATED: April 14, 2014

_____
Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT